## Case No. 10,500.

### OLIVER v. PARISH.

[2 Wash. C. C. 462.] 1

Circuit Court, D. Pennsylvania.    April Term, 1810.

DISCHARGE ON COMMON BAIL—AFFIDAVIT TO HOLD TO BAIL—EXAMINATION OF AFFIANT.

The court are not precluded from obtaining further satisfaction, as to the debt sworn to in an affidavit to hold to bail, because the affidavit is positive; but the necessity to examine the party making the same, must be presented on the face of the affidavit.

Rule to show cause of action, and why the defendant should not be discharged on common bail. The plaintiff produced a positive affidavit of the debt, made by Sarmiento, the real plaintiff. The defendant suggested that the promise of the defendant mentioned in the affidavit, was in fact conditional, and prayed that under the rule of the court, which states that the court will, in its discretion, interrogate the party making the affidavit, in order to satisfy its conscience as to the cause of action, and quantum of bail, that Sarmiento might be examined.

BY THE COURT. If where the affidavit is positive, as in this case, the defendant, by a suggestion of circumstances to invalidate it, may examine the plaintiff upon interrogatories, there is an end of discretion, and the inquiry must be gone into, in every instance. The meaning of the rule is, that if, from the face of the affidavit itself, further satisfaction be deemed necessary, the court is not precluded from obtaining it, by examining the person who made the affidavit, merely because the debt is positively sworn to. This may be particularly proper, where the affidavit is made by some other person than the plaintiff himself. Rule discharged.